1  **Brian H. Gunn (SBN 192594)**
   *bhgunn@wolfewyman.com*
2  **Shuray Ghorishi (SBN 268232)**
   *sghorishi@wolfewyman.com*
3  **WOLFE & WYMAN LLP**
   **2175 North California Blvd. Suite 645**
4  **Walnut Creek, California 94596-3502**
   **Telephone: (925) 280-0004**
5  **Facsimile: (925) 280-0005**

6  **Attorneys for Defendant**
   **CITIMORTGAGE, INC.**
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 11  STEWART INIGUEZ; SHERRILL INIGUEZ, | Case No.: 3:13-cv-00037 JSC |
| 12        Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANT** |
| 13    v. | **CITIMORTGAGE, INC. IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'** |
| 14  VANTIUM CAPITAL, INC., a/k/a ACQURA LOAN SERVICES, ALSO AS ATTORNEY-IN- | **COMPLAINT** |
| 15  FACT FOR CASTLE PEAK 2010-I LOAN TRUST; CITIMORTGAGE, INC.; MORTGAGE | Date:  February 28, 2013 |
| 16  MASTER, INC. d/b/a MORTGAGE MASTER PACIFIC; FIRST AMERICAN TITLE | Time:  9:00 a.m.<br>Place: Courtroom F, 15th Floor |
| 17  COMPANY; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC | Magistrate Judge Jacqueline Scott Corley |
| 18  REGISTRATION SYSTEMS, INC.; AND DOES 1-100 INCLUSIVE,, | Action Filed:  11/20/12 |
| 19  | Trial Date:      None set. |
| 20        Defendants. | |

21
22
23
24
25
26
27
28

---

**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION .................................................................................................1

II.    SUMMARY OF RELEVANT FACTUAL BACKGROUND ...................................2

III.   LAW & ARGUMENT.............................................................................................2

    A.    Legal Authority For A Motion To Dismiss ...................................................2

    B.    The Complaint Should Be Dismissed Because Plaintiffs fail To Meet The
        Threshold Pleading Requirements Of Rule 8(a).............................................4

    C.    Plaintiffs Cannot Challenge Defendants' Standing to Initiate Foreclosure As a
        Matter of Law .............................................................................................4

    D.    Plaintiffs Entire Complaint Fails Because They Have Failed to Allege Tender
        Of The Amount Owed ...................................................................................5

    E.    Plaintiffs' Claim For Wrongful Foreclosure Fails Against CMI ...................6

    F.    Plaintiffs' Claim For Violation of Civil Code Section 2923.5 Fails Against
        CMI............................................................................................................8

    G.    Plaintiffs Fail To State A Claim For Quiet Title.............................................9

    H.    Plaintiffs' Claim for Breach of Contract Fails Against CMI ......................10

    I.    Plaintiffs fail To State A Claim For Violation of California *Business and
        Professions Code* Section 17200 *et seq.* (Claim 7).......................................11

    J.    Plaintiffs Fail to State A Claim for Declaratory Relief Against CMI...........12

    K.    Plaintiffs Fail to State A Claim for Injunctive Relief ..................................13

    L.    Plaintiffs Fail To State A Claim For Punitive Damages (Prayer For Relief
        Number 17) ...............................................................................................13

IV.    CONCLUSION....................................................................................................15

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913 ...................................... 10

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ............................................................................ 3, 4

*Balistreri v Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ................................................. 3

*Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82 ........................................ 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 3, 4

*Butera v. Countrywide Home Loans, Inc.*, No. CV F 09-1677, 2009 WL 349873,
    at *3-5 (E.D. Cal. Oct. 26, 2009) ................................................................................................ 6

*C.J.L. Const. Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 390 ...................................... 13

*California Ins. Guar. Assn' v. Sup. Ct. (Jakes)* (1991) 231 Cal.App.3d 1617, 1623-24 ................... 13

*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122 ................................................... 7

*Canova v. Trustees of Imperial Irrigation District Employee Pension Plan* (2007)
    150 Cal.App.4th 1487, 1497 ...................................................................................................... 13

*City of Cotati v. Cashman* (2002) 29 Cal.App.4th 69, 80 ................................................................ 13

*DiPirro v. American Izzu Motors Inc.*, 119 Cal.App.4th 966 (2004) ................................................. 12

*Dodd v. Citizens Bank of Costa Mesa* (1990) Cal.App.3. .................................................................. 9

*FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (1989) ............................ 5

*Gilmore v. Lycoming Fire Ins. Co.* (1880) 55 Cal 123, 124 ............................................................. 10

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) ........................................ 5, 9

*Gordon v. Impulse Marketing Group, Inc.*, 375 F.Supp.2d 1040, 1044 (B.D. Wash. 2005) ................ 3

*Hafiz v. Greenpoint Mortg. Funding, Inc.* (N.D.Cal 2009) 2009 WL 2137393, 9 ............................. 13

*Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB),
    2009 WL 514254, at * 4-5 (S.D. Cal. March 2, 2009) ................................................................. 7

*I.E. Assocs. v. Safeco Title Ins.*, 39 Cal. 3d 281, 285 (1985) ............................................................ 7

*Iqbal*, 129 S.Ct. at 1950) ................................................................................................................. 4

*Juarez v. Wells Fargo Bank, N.A.* (C.D. Cal. 2009) 2009 WL 3806325 *2 ....................................... 9

*Junio v. First Federal Bank of California*, 2010 WL 3721780, at * 1 (Cal.App. 1 Dist. 2010) ......... 10

*Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112, 116 (1971) .......................... 6

ii

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th at 619 ................................................ 11

2    *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ......................................................... 3

3    *Kruse v. Bank of Am.* (1988) 202 Cal. App. 3d 38, 60 ........................................................ 10

4    *Lane v. Vitek Real Estate Industries Group, supra*, 713 F.Supp.2d at 1098 ........................ 5

5    *Lavine v. Jessup*, 161 Cal.App.2d 59, 69 (1958) ................................................................ 14

6    *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) ....................................... 3

7    *Lewis v. Am. Sav. & Loan Ass'n*, 1990 WL 89353, at *1 (9th Cir. June 29, 1990) ........................... 10

8    *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2002) 82 Cal.App.4th 592, 605 ..................................... 12

9    *Mabry v. Superior Court* (2010) 110 Cal.Rptr.3d 201, 232 ..................................................... 8

10    *Marilao v. McDonalds Corp.*, 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009) ..................................... 11

11    *Moeller v. Lien* (1994) 25 Cal.App. 4th 822, 830 ............................................................... 8

12    *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH,
      WL 160348, at *7-8 .......................................................................................... 7

13 

14    *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003) ..................................... 7

15    *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) ............................................ 3

   *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ......................................................... 3

16    *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1998) ................................................... 4

17    *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) ........................................................... 3

18    *Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984) ...................................... 3

19    *Robinson v. Countrywide Home Loans, Inc.* 199 Cal.App.4th 42, 46 (2011) ....................................... 9

20    *Rodriguez v. Quality Loan Service Corp.* 2012 WL 1111396 (C.A.9 (Ariz.) 2012), at * 1 ................ 9

21    *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168 ..................................................... 13

22    *Sicaros v. NDEX West, LLC* (S.D. Cal. Feb. 13, 2009) 2009 WL 385855 *1, *2-3 ............................ 8

23    *U.S. Cold Storage of CA v. Great Western Savings & Loan Ass'*,
24       165 Cal.App.3d 1214, 1222 (1985) ......................................................................... 5

25    *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ............................ 4

26    *Wienke v. Everhome Mortgage Co.* (N.D. Cal. 2011) 2011 WL 632950 * 3-4 ................................... 9

27    **Statutes**

28    *Bus. & Prof. Code* section 17200 ........................................................................... 1, 11

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT

1276133.1

*Civil Code* section 2923.5 .................................................................................................... 1, 8, 9

*Civil Code* sections 2924 .......................................................................................................... 7

*Civil Code* section 3294 .......................................................................................................... 14

*Code Civ. Pro.* section 761.020 ............................................................................................... 10

*Fed. R. Civ. Pro.*, Rule 12........................................................................................................ 3

*Fed. R. Civ. Pro.*, Rule 8......................................................................................................... 1, 4

**Other Authorities**

4 Witkin, Cal. Procedure (5th ed. 2008) §518, pgs. 650-651 ............................................... 10

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT**

1276133.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant CITIMORTGAGE, INC. (hereinafter "CMI") submits the following memorandum of points and authorities in support of its motion to dismiss the Complaint filed by Plaintiffs STEWART INIGUEZ, SHERRILL INIGUEZ ("Plaintiffs"), and each claim brought against CMI therein, including the first through seventh causes of action.

## I. INTRODUCTION

Plaintiffs commenced the instant lawsuit following the lawful trustee's sale of the real property which is the subject of this action. Plaintiffs do not dispute defaulting on the refinance loan they obtained in 2007. However, Plaintiffs seek title to the Subject Property free and clear of any encumbrance based upon erroneous theories that run contrary to the California non-judicial foreclosure statutory scheme and judicial interpretations thereof.

Plaintiffs attempt to plead claims for: (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.5; (3) declaratory relief; (4) quiet title; (5) breach of contract; (6) violation of Business and Professions Code section 17200 (hereinafter "UCL"); and (7) injunctive relief. The basis for the Complaint is essentially a claim for breach of the Subject Loan and a foreclosure; however, Plaintiffs have not alleged that CMI had any role in the granting of the Subject Loan or the foreclosure proceedings.

As detailed below, each of Plaintiffs claims fail to state any actionable claim for relief against CMI because: (1) Plaintiffs fail to allege any conduct, let alone misconduct, on behalf of CMI with respect to the foreclosure; (2) Plaintiffs fail to sustain the pleading standards set forth in *Federal Rule of Civil Procedure*, Rule 8(a) ("Rule 8(a)"); (3) Plaintiffs cannot challenge defendants' standing to initiate foreclosure; (4) Plaintiffs have failed to allege tender of the payment of the amount owed (5) Plaintiffs fail to plead any factual allegations against CMI that would entitle him to relief; and (6) Plaintiffs fail to sufficiently plead the essential elements of his causes of action. Furthermore, Plaintiffs fail to plead any basis for the recovery of punitive damages.

For these reasons, and those set forth more fully below, the Court should grant the instant motion to dismiss, in its entirety, with prejudice.

///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## II.   SUMMARY OF RELEVANT FACTUAL BACKGROUND

This lawsuit concerns the real property located at 23 Makena Court, Petaluma, CA 94954 (hereinafter, "Subject Property"). On or about February 26, 2007, Plaintiffs obtained a loan, in the amount of $616,000.00 from Mortgage Master, Inc. d/b/a Mortgage Master Pacific. (*See* Compl., Exh. A.) This loan was memorialized by a promissory note ("a Note") and secured by a deed of trust to the Subject Property ("DOT") (Note and DOT collectively hereinafter as "Subject Loan"). The DOT identifies Mortgage Electronic Registration Systems (hereinafter, "MERS") as the beneficiary and as the nominee for lender and its successors and assigns. (*Id.*)

On April 22, 2011, MERS assigned its interest in the Subject Loan to Castle Peak 2010-1 Loan Trust ("Castle Peak") (See Compl., Exh C.)[1]

Plaintiffs failed to make the monthly payments due on the Subject Loan. (See Compl., Exh. F.) As a result, pursuant to the terms of the DOT, on June 1, 2011, Quality Loan Service Corp. ("Quality Loan"), as the duly appointed trustee, recorded a notice of default ("NOD") on the Subject Loan. (Id.)[2] The NOD indicates that the amount to cure the default was $97,466.68.

Because Plaintiffs failed to cure the amount in default, on September 8, 2011, Quality Loan recorded a notice of trustee's sale ("NOTS") setting an October 4, 2011 sale date. (See Compl., Exh. F.) On June 27, 2012, the Subject Property was sold at a public trustee's sale. A trustee's deed upon sale, granting the Subject Property to the foreclosing beneficiary, Castle Peak, was recorded on March 9, 2011 ("Trustee's Deed"). (See Compl., Exh. G).

## III.   LAW & ARGUMENT

### A.   Legal Authority For A Motion To Dismiss

In relevant part, *Federal Rule of Civil Procedure*, Rule 12(b)(6) ("Rule 12(b)(6)") states that a party may assert a defense to a complaint based on the plaintiff's failure to state a claim upon

---

[1] It appears that a subsequent assignment of DOT was recorded on May 9, 2011, whereby MERS once again assigned its beneficial interest in the Subject Loan to Castle Peak. (See Compl., Exh. D.)

[2] On June 1, 2011, a Substitution of Trustee was recorded in the official records of Sonoma County, whereby Castle Peak substituted Quality Loan as the trustee under the DOT. (See Compl., ¶ Exh. E.)

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1276133.1

1  which relief can be granted. (*Fed. R. Civ. Pro.*, Rule 12(b)(6).)  A motion to dismiss pursuant to

2  Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. (*Bell Atlantic*

3  *Corp. v. Twombly*, 550 U.S. 544 (2007).)  As such, the court must decide whether the facts alleged,

4  if true, would entitle plaintiff to some form of legal remedy. (*Id.*)  A motion pursuant to Rule

5  12(b)(6) is proper where there is either a lack of a cognizable legal theory or the absence of

6  sufficient facts alleged under a cognizable legal theory. (*Balistreri v Pacifica Police Dept.*, 901 F.2d

7  696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th

8  Cir. 1984).)

9      In ruling on a Rule 12(b)(6) motion, the court must construe the complaint in the light most

10  favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those

11  allegations, if proved, establish a valid claim for relief. (*See Pareto v. F.D.I.C.*, 139 F.3d 696, 699

12  (9th Cir. 1998); *see also Bell Atlantic Corp. v. Twombly*, *supra*, 127 S.Ct. at 1965; *NL Industries,*

13  *Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).)  However, the plaintiff bears the burden of

14  pleading facts sufficient to state a claim and the court will not supply a central element of a claim

15  that a plaintiff did not plead. (*Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988).)  Conclusory

16  statements in a complaint will not satisfy a plaintiff's burden of pleading and will not survive a

17  motion to dismiss.  "[T]he tenet that a court must accept as true all of the allegations contained in a

18  complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

19  action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal*, 129 S. Ct.

20  1937, 1949 (2009).)

21      Further, a court may take judicial notice of "matters of public record" without converting a

22  motion to dismiss into a motion for summary judgment. (*Lee v. City of Los Angeles*, 250 F.3d 668,

23  688-689 (9th Cir. 2001); *Gordon v. Impulse Marketing Group, Inc.*, 375 F.Supp.2d 1040, 1044 (B.D.

24  Wash. 2005).)  Moreover, documents referred to in the complaint may be attached to show that they

25  do not support the plaintiff's claims. (*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).)  This

26  rule extends to documents attached to a Rule 12(b)(6) motion, the authenticity of which is not

27  contested and upon which Plaintiffs' complaint necessarily relies, even though the documents are

28  nowhere mentioned in the complaint.  This prevents plaintiffs from "deliberately omitting references

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3

1276133.1

1 │ to documents upon which their claims are based." (*Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706

2 │ (9th Cir. 1998).)

3 │ 　　　　**B.**　　**The Complaint Should Be Dismissed Because Plaintiffs fail To Meet The**
　　　　　　　　　**Threshold Pleading Requirements Of Rule 8(a)**

4 │

5 │ 　　　　Under Rule 8(a), a pleading must contain "a short and plain statement of the claim showing

6 │ that the pleader is entitled to relief." (*See Ashcroft v. Iqbal, supra*, 129 S.Ct. at 1949.) Under notice

7 │ pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and

8 │ the grounds upon which it rests." (*Bell Atlantic v. Twombly, supra*, 550 U.S. 544, 555, 127 S.Ct.

9 │ 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). While Rule 8(a) does not require

10 │ detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-

11 │ me accusation." (*Iqbal*, 129 S.Ct. at 1949.) A pleading is insufficient if it offers mere "labels and

12 │ conclusions" or "a formulaic recitation of the elements of a cause of action." (*Twombly*, 550 U.S. at

13 │ 555; *see also Iqbal*, 129 S.Ct. at 1950).) Rule 8(a) requires parties to make their pleadings

14 │ straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of

15 │ mud." (*U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).)

16 │ 　　　　Here, the Complaint fails to meet the standard articulated in Rule 8(a) against CMI.

17 │ Plaintiffs refer to the seven distinct defendants collectively and interchangeably. They consistently

18 │ fail to distinguish amongst the individual defendants in any meaningful way. Instead, Plaintiffs

19 │ assert grouped allegations against "[d]efendants" (and at times "defendant") without pleading any

20 │ indication as to which of the seven defendants they refer. Because the Complaint falls short of the

21 │ requirements of Rule 8(a) against CMI, the entire complaint should be dismissed at the outset.

22 │ 　　　　**C.**　　**Plaintiffs Cannot Challenge Defendants' Standing to Initiate Foreclosure As a**
　　　　　　　　　**Matter of Law**

23 │

24 │ 　　　　In the present action, Plaintiffs challenge Defendants' standing to initiate foreclosure by

25 │ alleging that Defendants have no ownership interest in the Subject Loan. (*See* Complaint, ¶¶ 31 -40;

26 │ 105.) However, Plaintiffs cannot challenge Defendants authority to initiate foreclosure proceedings

27 │ as a matter of law.

28 │

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

4

1276133.1

1    In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4[th] 1149 (2011), the borrower

2  alleged that MERS did not have authority to initiate foreclosure.  However, the appellate court found

3  that the borrower did not have a legal basis to bring an action to determine whether MERS had

4  authority to initiate the foreclosure proceeding.  The appellate court observed that "Because of the

5  exhaustive nature of this scheme, California appellate courts have refused to read any additional

6  requirements into the non-judicial foreclosure statute.'" (Id. at 1154, *quoting Lane v. Vitek Real*

7  *Estate Industries Group, supra*, 713 F.Supp.2d at 1098.)  Significantly, the appellate court held there

8  was no legal authority for the borrower's lawsuit.  (Id.)  The appellate court reasoned that to

9  recognize a right to bring an action to challenge "a nominee's authorization to proceed with the

10  foreclosure on behalf of the note holder would fundamentally undermine the nonjudicial nature of

11  the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid

12  foreclosures." (Id.)

13    Like Gomes, Plaintiffs also challenge Defendants' standing to initiate the foreclosure

14  proceedings.  However, Plaintiffs cannot maintain their causes of action on this basis because

15  "nowhere does the statute provide for a judicial action to determine whether the person initiating

16  foreclosure process is indeed authorized…" (Gomes at 1155.)

17    For this reason, the entire complaint should be dismissed with prejudice.

18    **D.    Plaintiffs Entire Complaint Fails Because They Have Failed to Allege Tender Of**
19       **The Amount Owed**

20    It is well established that before a borrower can bring a cause of action to challenge a

21  foreclosure, the borrower must pay the entire loan amount prior to the sale.  (*U.S. Cold Storage of*

22  *CA v. Great Western Savings & Loan Ass'*, 165 Cal.App.3d 1214, 1222 (1985).)  Thus, to challenge

23  the foreclosure sale, a "valid and viable tender of payment of indebtedness" is an essential element

24  of the action.  (*FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021 (1989).)

25  The tender rule is based on the rationale that "if plaintiffs could not have redeemed the property had

26  the sale procedures been proper, any irregularities in the sale did not result in damages to plaintiffs."

27  (*Id.* at 1022.)  "[I]t is sensible to require that a trustor, whose default to begin with resulted in the

28  foreclosure, give proof before the sale is set aside that he now can redeem the property." (*U.S. Cold*

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5

1 | *Storage, supra*, 165 Cal.App.3d 1214 at 1225.) "A valid and viable tender of payment of the

2 | indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."

3 | (*Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112, 116 (1971).) "[I]t is settled

4 | that an action to set aside a trustee's sale for irregularities in a sale notice or procedure should be

5 | accompanied by an offer to pay the full amount of the debt for which the property was security."

6 | (*Id*. at 578.) The tender rule is based on "the equitable maxim that a court of equity will not order

7 | that a useless act be performed." (*Id*. at 578-579.) "The rules which govern tenders are strict and are

8 | strictly applied." (*Butera v. Countrywide Home Loans, Inc.*, No. CV F 09-1677, 2009 WL 349873,

9 | at *3-5 (E.D. Cal. Oct. 26, 2009).)

10 | Here, even viewed in the light most favorable to Plaintiffs, the Complaint entirely lacks any

11 | offer to tender. In fact, the Complaint does not contain any indication that Plaintiffs have the

12 | capacity to tender the outstanding indebtedness on the Subject Loan. Accordingly, the entire

13 | complaint should be dismissed with prejudice.

14 | **E.    Plaintiffs' Claim For Wrongful Foreclosure Fails Against CMI**

15 | Plaintiffs have failed to state a wrongful foreclosure claim against CMI, because they have

16 | not alleged any direct conduct, let alone misconduct, on the part of CMI in the foreclosure process.

17 | Plaintiffs admit in their complaint, and the exhibits attached to the Complaint confirm, that

18 | defendants Acqura, Castle Peak and Quality Loan conducted the foreclosure proceedings. (See

19 | Compl., ¶¶ 48 -62; 68, 69.) Plaintiffs' vague allegations relating to all defendants as a group are

20 | insufficient to maintain a claim against CMI. (See Compl., ¶¶ 57, 62, 69, 75) Because Plaintiffs

21 | concede that CMI was not involved in the foreclosure process, this claim should be dismissed with

22 | prejudice against CMI.

23 | The only allegation asserted against CMI in support of this claim is that CMI did not have a

24 | "vested interest" in the Subject Property when it was servicing the Subject Loan, because defendant

25 | Mortgage Master did not record an assignment of DOT in favor of CMI.  (Compl., ¶¶ 14, 84.)  Even

26 | assuming this allegation is true; Plaintiffs have not established any valid claim for relief against

27 | CMI.

28 |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    California *Civil Code* sections 2924 through section 2924k (hereinafter collectively as

2    "section 2924") provide a comprehensive framework governing nonjudicial foreclosure sales. *(See*

3    *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003).) Section 2924 and the

4    related provisions "'cover every aspect'" of the foreclosure process'" and are "'intended to be

5    exhaustive.'" *(Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, WL

6    160348, at *7-8.) (E.D. Cal. Jan. 11, 2010).) "These provisions cover every aspect of exercise of

7    the power of sale contained in a deed of trust." *(I.E. Assocs. v. Safeco Title Ins.*, 39 Cal. 3d 281, 285

8    (1985).) Within this framework, non-judicial foreclosure proceedings can be instituted by the

9    trustee, mortgagee, or beneficiary, or any of their authorized agents by filing a notice of default with

10   the office of the recorder. *(Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB),

11   2009 WL 514254, at * 4-5 (S.D. Cal. March 2, 2009); *see also* Cal. *Civ. Code* § 2924(a)(1).)

12   Thereafter, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to

13   take sale." *(Id.*, *citing* Cal. *Civ. Code* § 2924(a)(3).)

14   Within this statutory context, there is no requirement that beneficiaries assign the DOT to the

15   servicer of the loan. As explained above, Plaintiffs concede that CMI did not have any role in the

16   foreclosure proceedings. Therefore, the recordation of an assignment of DOT in favor of CMI was

17   not required under *Civil Code* section 2924 *et. al.*. Because Plaintiffs have not and cannot cite any

18   law supporting their theory of relief, these claims should be dismissed with prejudice.

19   Moreover, even if a beneficiary is required to assign the DOT to a servicer (which it is not),

20   there is no requirement that the assignment must be recorded. It is settled in California that no

21   assignment is required for a loan secured by a deed of trust. *(Calvo v. HSBC Bank USA, N.A.* (2011)

22   199 Cal.App.4th 118, 122.) "It has been established since 1908 that this statutory requirement that

23   an assignment of the beneficial interest in a debt secured by real property must be recorded in order

24   for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust."

25   ///

26   ///

27   ///

28   ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

7

1276133.1

1   (<u>Ibid.</u>)  Accordingly, this claim should also be dismissed with prejudice, as the lack of recordation

2   does not support any claim for relief against CMI.[3]

3         For these reasons, Plaintiffs' wrongful foreclosure claim should be dismissed with prejudice.

4      **F.**    **Plaintiffs' Claim For Violation of Civil Code Section 2923.5 Fails Against CMI**

5         Plaintiffs allege that "[c]leary all defendants failed to comply with the requirements of

6   section 2923.5. (Compl., ¶ 60.)  In relevant part, section 2923.5 requires a lender to contact the

7   borrower to explore options to prevent foreclosure before filing a notice of default.  (*See* Cal. *Civ.*

8   *Code* § 2923.5(a)(1)-(2).)  The requirements of section 2923.5 are "very narrow." (*Mabry v.*

9   *Superior Court* (2010) 110 Cal.Rptr.3d 201, 232.)  They do not require the lender to modify the loan

10   or do very much more than have minimal conversations with the debtor to assess their position and

11   inform them of various options to avoid foreclosure.  (*Id.*)  Here, Plaintiffs have failed to state a

12   claim for relief against CMI, because, as explained above, CMI did not play any role in granting the

13   loan and the foreclosure.  Accordingly, CMI was not required to contact the borrowers pursuant to

14   *Civil Code* section 2923.5.

15         Even if CMI was required to contact Plaintiffs (which it was not), Plaintiffs' claim should

16   nevertheless be dismissed because it is plead in a conclusory fashion.  Without alleging any facts in

17   support, Plaintiffs allege that "all defendants" fraudulently claim to have contacted the borrower.

18   (Compl., ¶ 60.)  Plaintiffs do not allege any facts with specificity in support of this allegation, and to

19   the contrary of this allegation, the declaration attached to the NOD, which Plaintiffs incorporate into

20   the Complaint as an exhibit, illustrates that the beneficiary or its agent exercised due diligence to

21   contact the borrower as required under section 2923.5. (Compl., Exh. F; *see e.g., Wienke v.*

22   *Everhome Mortgage Co.* (N.D. Cal. 2011) 2011 WL 632950 * 3-4; *Juarez v. Wells Fargo Bank, N.A.*

23

24

---

25   [3] Plaintiffs "holder in due course" theory also does not support any claim for relief against any

26   defendant.  Plaintiffs' challenge the foreclosure on the basis that all defendants were not the "holders
in due course" of the note and did not possess the promissory note. (Compl., ¶¶ 64, 65.)  This theory
has been repeatedly rejected by courts within the context of non-judicial foreclosure. California law

27   does not require possession of the originate note to initiate foreclosure. (*Moeller v. Lien* (1994) 25
Cal.App. 4th 822, 830.)  In *Sicaros v. NDEX West, LLC* (S.D. Cal. Feb. 13, 2009) 2009 WL 385855

28   *1, *2-3, the court labeled the note possession arguments as a "Flawed Legal Premise" and noted
that the *Uniform Commercial Code* is not the appropriate law to apply to a non-judicial foreclosure.

8

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1276133.1

1 (C.D. Cal. 2009) 2009 WL 3806325 *2; See also *Dodd v. Citizens Bank of Costa Mesa* (1990)

2 Cal.App.3 (where the facts contained in the exhibits contradict the allegations in the complaint, the

3 facts appearing in the exhibits are given precedence).)[4]

4 For these reasons, Plaintiffs' claim for violation of California *Civil Code* section 2923.5

5 should be dismissed with prejudice.

6 **G.   Plaintiffs Fail To State A Claim For Quiet Title**

7 Plaintiffs seek an order quieting title of the Subject Property. (Compl., Prayer, ¶ 10.)[5]

8 However, Plaintiffs' quiet title claim fails because they no longer have any interest in the Subject

9 Property and otherwise fail to state a claim for relief.

10 To state a claim for quiet title under California law, a complaint must be verified and must

11 include (1) a description of the property including both its legal description and its street address or

12 common designation; (2) plaintiff's title and the basis upon which it is asserted; (3) that adverse

13 claims as against which a determination is sought; (4) the date as of which a determination is sought

14 and, if other than the date the complaint is filed, a statement why the determination is sought as of

15 that date; and (5) a prayer for determination of plaintiff's title against the adverse claims. (Cal. *Code*

16 *Civ. Pro.* § 761.020.)

17 Here, Plaintiffs fail to verify the complaint, include the date as of which a determination is

18 sought, and further fail to allege any adverse claim by CMI. Moreover, where a trustee's deed has

19 been duly recorded and a property sold, "absent a viable basis for setting aside the trustee's deed", a

20

21

22

23 [4] Moreover, Plaintiffs allegation challenging the authority of the signatories of the foreclosure notices fails to establish a claim, because Plaintiffs, the obligors, lack standing to challenge the non-judicial foreclosure based upon their theory that the recording entities/persons were not authorized

24 by the beneficiary to record the foreclosure notices. (*See e.g. Rodriguez v. Quality Loan Service Corp.* 2012 WL 1111396 (C.A.9 (Ariz.) 2012), at * 1; *see also Robinson v. Countrywide Home*

25 *Loans, Inc.* 199 Cal.App.4th 42, 46 (2011) [The governing "statutory scheme authorizing the 'trustee, mortgagee, or beneficiary, or any of their authorized agents' to initiate the nonjudicial

26 foreclosure process under a deed of trust does not authorize the borrower to bring a preemptive suit challenging standing."] *citing Gomes v. Countrywide Home Loans, Inc.* 192 Cal.App.4th 1149

27 (2011), Cal. *Civ. Code* § 2924 *et seq*.)

28 [5] Plaintiffs prayer states that "FORTH CAUSE OF ACTION: (10) For an order quieting title to the subject property". The Complaint; however, does not include a fourth cause of action.

9

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1276133.1

1  borrower no longer owns the property and is not entitled to prevail on a quiet title cause of action.

2  (*Junio v. First Federal Bank of California*, 2010 WL 3721780, at * 1 (Cal.App. 1 Dist. 2010).)

3  Because Plaintiffs legal theories to set aside the trustee's sale fail as a matter of law, Plaintiffs fail to

4  plead the principal requirement for a quiet title action – an interest in the Subject Property.

5  For these reasons, Plaintiffs' quiet title claim should be dismissed with prejudice against

6  CMI.

7  **H.  Plaintiffs' Claim for Breach of Contract Fails Against CMI**

8  Plaintiffs allege against all defendants that their "wrongful conduct" constitutes a material

9  breach of the Subject Loan. To establish a claim for breach of contract, a plaintiff must allege the

10  following elements: (1) the existence of a contract; (2) plaintiff's performance or excuse for

11  nonperformance; (3) that all conditions required for defendant's performance occurred;

12  (4) Defendant's breach; and (5) plaintiff's damages were proximately caused by Defendant's breach.

13  (CACI No. 303; *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913.)

14  The plaintiff must set out the terms of the contract verbatim, or attach the contract and

15  incorporate it by reference. (4 Witkin, Cal. Procedure (5th ed. 2008) §518, pgs. 650-651.) It is well

16  settled that the plaintiff must at least plead the essential terms of the contract. (*Gilmore v. Lycoming*

17  *Fire Ins. Co.* (1880) 55 Cal 123, 124.) "The essential terms of a loan agreement are 'the amount of

18  the loan, the rate of interest, the terms of repayment, applicable loan fees and charges" (*Lewis v. Am.*

19  *Sav. & Loan Ass'n,* 1990 WL 89353, at *1 (9th Cir. June 29, 1990); *Kruse v. Bank of Am.* (1988)

20  202 Cal. App. 3d 38, 60.)

21  Here, Plaintiffs' breach of contract claim should be dismissed with prejudice against CMI

22  because Plaintiffs do not allege facts that indicate the formation of any actionable contract between

23  them and CMI. Rather, Plaintiffs allege that the Subject Loan was breached. (Compl., ¶ 94, 95.)

24  However, the DOT, attached as an exhibit to the Complaint, illustrates that CMI was not a party to

25  ///

26  ///

27  ///

28  ///

10

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1276133.1

1  the DOT. In addition to this fatal flaw, Plaintiffs fail to allege any cognizable facts to establish the

2  elements of their performance, CMI's breach, and any damages caused by CMI's breach. [6]

3      For these reasons, Plaintiffs' claim for breach of contract should be dismissed with

4  prejudice.

### I.    Plaintiffs fail To State A Claim For Violation of California *Business and Professions Code* Section 17200 *et seq.* (Claim 7)

7      Plaintiffs' claim should be dismissed because they do not plead facts to establish standing or

8  a predicate cause of action.

9      Plaintiffs' claim for violation of California *Business and Professions Code* section 17200 *et*

10  *seq.*, often called California's Unfair Competition Law ("UCL"), fails at the threshold as they have

11  not pled facts sufficient to establish they have standing to bring a claim against CMI. "A plaintiff

12  suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended

13  money due to the defendant's acts of unfair competition; (2) lost money or property; or (3) been

14  denied money to which he or she has a cognizable claim." (*Marilao v. McDonalds Corp.*, 632 F.

15  Supp. 2d 1008, 1012 (S.D. Cal. 2009).)  Plaintiffs do not plead facts demonstrating any of these

16  elements.

17      Secondly, even if Plaintiffs had standing to bring a UCL violation against CMI, they do not

18  plead their claim with the required "reasonable particularity." (*Khoury v. Maly's of California, Inc.*,

19  14 Cal.App.4th at 619.)  Instead, Plaintiffs conclusorily assert that "Defendants Mortgage Master,

20  CitiMortgage, First American, and MERS engaged in unfair competition." (See Compl., ¶ 100.)

21  Moreover, the Complaint fails to allege any direct conduct, let alone misconduct, on behalf of CMI

22  that constitutes an actionable claim. And, as explained above, Plaintiffs do not allege that CMI had

23  any part in the alleged wrongful foreclosure.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

---

27  [6] Plaintiffs cannot allege that they have performed their obligations under the Subject Loan, because
28  they defaulted on their repayment obligations. Because Plaintiffs cannot establish this element, this claim should be dismissed without leave to amend.

11

1    Thirdly, for the reasons set forth throughout the instant motion, Plaintiffs have failed to plead

2    any underlying claim.  That is, Plaintiffs fail to sufficiently allege that CMI has violated any laws

3    with respect to Plaintiffs or the Subject Property.  Thus, Plaintiffs cannot plead an "unlawful"

4    business practice.  Likewise, Plaintiffs fail to sufficiently plead their claim for fraud because it is

5    pled without particularity.  Therefore, Plaintiffs cannot maintain their UCL claim based upon a

6    "fraudulent" business practice.  Finally, Plaintiffs fail to plead facts indicating that CMI violated any

7    established public policy or caused any injury to Plaintiffs which was outweighed by the public

8    benefit of servicing loans.  Accordingly, Plaintiffs fail to allege facts indicating any "unfair"

9    business practice.  A claim for violation of the UCL is only as valid as the underlying allegations

10   that constitute the predicate causes of action.  (*DiPirro v. American Izzu Motors Inc.*, 119

11   Cal.App.4th 966 (2004).)  Because Plaintiffs fail to plead any predicate claim, their derivative claim

12   for violation of the UCL also fails and should be dismissed.

13   For all these reasons, Plaintiffs' claim for violation of the UCL should be dismissed with

14   prejudice against CMI.

15   **J.      Plaintiffs Fail to State A Claim for Declaratory Relief Against CMI**

16   Although it is not certain from the Complaint, Plaintiffs appear to seek a declaration that the

17   Assignment of the DOT, NOD, NOTS, and Trustee's Deed are invalid.  Plaintiffs do not allege any

18   specific misconduct on the part of CMI and thus, this cause of action fails at the outset.

19   A complaint for declaratory relief is only sufficient "if it sets forth facts showing the

20   existence of an actual controversy relating to the legal rights and duties of the respective parties

21   under a written instrument ... and requests that the rights and duties of the parties be adjudged by the

22   court." (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2002) 82 Cal.App.4th 592, 605.)  "[The]

23   actual, present controversy must be pleaded specifically and the facts of the respective claims

24   concerning the [underlying] subject must be given." (*City of Cotati v. Cashman* (2002) 29

25   Cal.App.4th 69, 80.)  Plaintiffs fail to plead any actual controversy with respect to CMI.  Instead,

26   they appear to seek a declaration as to past acts.  Yet, declaratory relief operates prospectively to

27   declare future rights, rather than to redress past wrongs [citation]." (*Canova v. Trustees of Imperial*

28   *Irrigation District Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1497.)

12

**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   To the extent that Plaintiffs base their declaratory relief cause of action upon the same

2   theories as their other causes of action, the availability of another form of adequate relief justifies

3   denial of declaratory relief (*C.J.L. Const. Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376,

4   390). A declaratory relief action will not lie to determine issues raised in other causes of action

5   before the court as "the object of the [declaratory relief] statute is to afford a new form of relief

6   where needed and not to furnish a litigant with a second cause of action for the determination of

7   identical issues." (*California Ins. Guar. Assn' v. Sup. Ct. (Jakes)* (1991) 231 Cal.App.3d 1617,

8   1623-24.)

9   For all these reasons, Plaintiffs' claim for declaratory relief should be dismissed with

10  prejudice against CMI.

11  **K.      Plaintiffs Fail to State A Claim for Injunctive Relief**

12  Plaintiffs also seek to enjoin all defendants from proceeding with any foreclosures and sale of

13  the property. (Compl., ¶ 108.) This cause of action fails because injunctive relief is a remedy and

14  not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be

15  granted." (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168 [*cited in Batt v. City and County*

16  *of San Francisco* (2007) 155 Cal.App.4th 65, 82; *see also Hafiz v. Greenpoint Mortg. Funding, Inc.*

17  (N.D.Cal 2009) 2009 WL 2137393, 9.) Plaintiffs also fail to plead any independent cause of action

18  upon which injunctive relief might be based. Indeed, this claim is entirely frivolous, given that the

19  Subject Property was already sold at the trustee's sale. Accordingly, Plaintiffs' claim for injunctive

20  relief should be dismissed with prejudice.

21  **L.      Plaintiffs Fail To State A Claim For Punitive Damages (Prayer For Relief
            Number 17)**

22

23  In their prayer for relief, Plaintiffs request punitive damages. (Prayer, ¶ 17.) However, this

24  prayer should be dismissed because they do not demonstrate any conduct by CMI to support an

25  award of punitive damages.

26  The right to recover punitive damages is governed by California *Civil Code* section 3294

27  which states in relevant part that:

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1        (a) In an action for the breach of an obligation not arising from
contract, where it is proven by clear and convincing evidence that the

2        defendant has been guilty of oppression, fraud or malice, the plaintiff,
in addition to the actual damages, may recover damages for the sake of

3        example and by way of punishing the defendant.

4        ***

5        (c) As used in this section, the following definitions shall apply:

6        (1) "Malice" means conduct, which is intended by the defendant to
cause injury to the plaintiff or despicable conduct, which is carried on

7        by the defendant with a willful and conscious disregard for the rights
or safety of others.

8

9        (2) "Oppression" means despicable conduct that subjects a person to
cruel and unjust hardship in conscious disregard of that persons'
rights.

10

11       (3) "Fraud" means an intentional misrepresentation, deceit, or
concealment of a material fact known to the defendant with the

12       intention on the part of the defendant of thereby depriving a person of
property or legal rights or otherwise causing injury. (Cal. *Civ. Code*

13       § 3294.)

14       Here, Plaintiffs do nothing more than summarily claim entitlement to punitive damages.

15 However, for purposes of pleading, mere conclusory allegations of fraud, misrepresentation, bad

16 faith, oppression, malice and the like are wholly insufficient. (*Lavine v. Jessup*, 161 Cal.App.2d 59,

17 69 (1958).) Plaintiffs entirely fail to allege any substantive facts to show that CMI acted with

18 oppression, fraud or malice, or with the intent to vex, annoy or injure Plaintiffs. Furthermore, as set

19 forth above, Plaintiffs basis for their Complaint is that defendants wrongfully foreclosed; however,

20 Plaintiffs admit that CMI did not take part in the foreclosure proceedings. Because Plaintiffs fail to

21 plead any claim for relief against CMI, Plaintiffs wholly fail to support their request for punitive

22 damages with facts to justify such award, and mere conclusory allegations malicious conduct by

23 defendants are wholly insufficient to establish a claim for such relief. Therefore, Plaintiffs' claim

24 for punitive damages should be dismissed.

25 ///

26 ///

27 ///

28 ///

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

IV. **CONCLUSION**

Based on all of the foregoing reasons, those set forth in the reply brief (if any), and those to be set forth at oral argument, CMI respectfully requests that this Court grant its motion to dismiss the Complaint in its entirety, and that the Court do so without leave to amend, as amendment would be futile.

DATED: January 16, 2013

WOLFE & WYMAN LLP

By: _____
BRIAN H. GUNN
SHURAY GHORISHI
Attorneys for Defendant
**CITIMORTGAGE, INC.**

**MEMORANDUM OF P&A'S ISO MOTION TO DISMISS COMPLAINT**

1276133.1

1                                      **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA**       )
                                    )   **ss.**

3 **COUNTY OF CONTRA COSTA**   )

4 I, Lisa White, declare that I am employed in the County of Contra Costa, State of California. I am over the
5 age of 18 and not a party to the within action. My business address is 2175 N. California Blvd., Suite 645, Walnut Creek, California 94596-3502.

6 On the date shown below, I served the document(s) described as **MEMORANDUM OF POINTS AND**
7 **AUTHORITIES BY DEFENDANT CITIMORTGAGE, INC. IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

8

☒   **BY MAIL**: as follows:
9     ☒     **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
10     day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter
11     date is more than one (1) day after date of deposit for mailing in affidavit.
    ☒     **FEDERAL** – I deposited such envelope in the U.S. Mail at Walnut Creek, California, with postage
12     thereon fully prepaid.

13 ☐   **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Walnut Creek, California. The envelope was mailed with Express Mail postage thereon fully prepaid.
14

15 ☐   **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

16 ☐   **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by
17   overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

18 ☒   **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached
19   document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic
20   transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

21 ☐   **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the
22   addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine.
23   Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

24 ☒   **STATE**       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25 ☒   **FEDERAL**     I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.
26

27   Executed on January 16, 2013, at Walnut Creek, California.

28                                              LISA WHITE

1283955.1

1

2

3

4

**SERVICE LIST**
**Iniguez v. Vantium Capital, Inc., etc.; et al.**
**U.S.D.C., Northern District Case No. 3:13-cv-00037 JSC**
**W&W File No. 1133-1100**
**[Revised: 01/09/13]**

| | |
|---|---|
| Stewart Iniguez *(Via U.S. Mail)*<br>Sherrill Iniguez<br>23 Makena Court<br>Petaluma, CA 94954 | **PLAINTIFFS PRO SE**<br>Tel: (707) 782-0410 |
| Deborah May Bass, Esq. *(Via ECF)*<br>Elhum Navid, Esq.<br>L/O DEBORAH BASS, APC<br>8961 W. Sunset Blvd., Suite 2A<br>West Hollywood, CA 90069 | **Attorneys for Defendant**<br>**VANTIUM CAPITAL INC.; Attorney In Fact**<br>**for Castle Peak 2010-1 Loan Trust aka**<br>**Acqura Loan Services**<br>Tel: (310) 248-3840<br>Fax: (310) 248-3846<br>Email: dbass@bass-law.com<br>        evavid@bass-law.com |
| Deborah May Bass, Esq. *(Via ECF)*<br>Elhum Navid, Esq.<br>L/O DEBORAH BASS, APC<br>8961 W. Sunset Blvd., Suite 2A<br>West Hollywood, CA 90069 | **Attorneys for Defendant**<br>**MORTGAGE MASTER, INC. dba**<br>**Mortgage Master Pacific, First American**<br>**Title Company**<br>Tel: (310) 248-3840<br>Fax: (310) 248-3846<br>Email: dbass@bass-law.com<br>        evavid@bass-law.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28