IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEWART INIGUEZ and SHERRILL INIGUEZ,

    Plaintiffs,

  v.

VANTIUM CAPITAL, INC. a/k/a ACQURA LOAN SERVICES, ALSO AS ATTORNEY-IN-FACT FOR CASTLE PEAK 2010-1 LOAN TRUST; CITIMORTGAGE INC.; MORTGAGE MASTER, INC. d/b/a MORTGAGE MASTER PACIFIC; FIRST AMERICAN TITLE COMPANY; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1–100 INCLUSIVE,

    Defendants.

No. C 13-00037 WHA

**ORDER DENYING MOTION TO REMAND WITH INSTRUCTIONS TO AMEND, AND DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS**

**INTRODUCTION**

In this foreclosure action, plaintiffs have filed a motion to remand this action to state court. For the reasons stated below, plaintiffs' motion to remand is **DENIED WITH INSTRUCTIONS TO AMEND**. Plaintiffs' request for attorney's fees and costs is **DENIED**.

**STATEMENT**

In February 2007, plaintiffs Stewart and Sherrill Iniguez obtained a loan from Mortgage Master, Inc. secured by their California residential property. Plaintiffs executed a promissory note and a deed of trust identifying Mortgage Master as the lender, First American Title

1  Company as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the
2  beneficiary and nominee for the lender.

3  Four years later, in April and May 2011, two assignments of deed of trust were signed
4  and recorded in Sonoma County in which MERS granted, assigned, and transferred all beneficial
5  interest and rights accrued under the deed of trust from Mortgage Master to Castle Peak 2010-1
6  Loan Trust. After the assignments were executed, a substitution of trustee was also signed and
7  recorded in which Castle Peak transferred trustee rights from First American Title to Quality
8  Loan Service Corporation.

9  After plaintiffs failed to make mortgage payments, Quality Loan recorded a notice of
10 default on plaintiffs' property. Quality Loan foreclosed on the property and sold it to Castle
11 Peak. Then, Castle Peak instituted an unlawful detainer action against plaintiffs in the Sonoma
12 County Superior Court.

13 While the unlawful detainer action was underway, plaintiffs proceeded pro se and
14 commenced the present action in Sonoma County Superior Court against defendants. In the
15 unlawful detainer action, the parties entered a stipulated judgment against plaintiffs.

16 Herein, plaintiffs allege: (1) violation of California Civil Code Section 2923.5,
17 (2) wrongful foreclosure, (3) declaratory relief, (4) quiet title, (5) breach of contract, (6)
18 violation of Business and Professions Code Section 17200, and (7) injunctive relief. In January
19 2013, defendants removed the present action to federal court. Shortly after, Acqura Loan
20 Services/MERS, CitiMortgage, Inc., and First American Title filed motions to dismiss.
21 Plaintiffs then retained counsel and filed a motion to remand this action back to state court.

22 On the day before the March 21 hearing, defendant CitiMortgage revealed that plaintiffs
23 have a concurrent state action against CitiMortgage alleging the same claims and stemming from
24 the same transaction (Dkt. No. 47).

**ANALYSIS**

**1. MOTION TO REMAND.**

27 A defendant may remove a civil action from state court to federal court if original
28 jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a).

2

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotations and citations omitted).

### A. Diversity Jurisdiction.

#### *(1) Section 2924l Declarations of Non-Monetary Status.*

Defendants Quality Loan and First American Title are the only non-diverse parties in the present action. Each filed a declaration of non-monetary status pursuant to California Civil Code Section 2924*l*, contending that they are nominal defendants and should thus be excluded when determining diversity jurisdiction. Our court of appeals has not ruled on whether a Section 2924*l* declaration has any effect in federal court. The undersigned Judge, however, has previously held that although Section 2924*l* declarations are generally not valid in federal court proceedings, a defendant can be treated as a nominal defendant where the parties have stipulated to non-monetary status. *Perez v. Am. Home Mortgage Servicing*, No. C-12-00932 WHA, Dkt. No. 34 at 2 (Sept. 4, 2012). *See Kennedy v. PLM Lender Servs., Inc.*, 2012 WL 1038632 at *2 (N.D. Cal. Mar. 27, 2012); *Avila v. Wells Fargo Bank*, No. C-12-01237 WHA, Dkt. No. 22 at 2 (May 21, 2012).

Here, plaintiffs have objected to defendants' Section 2924*l* declarations, arguing that it is a state procedural issue not granted in federal court. Without a stipulation, this order agrees. The requests for non-monetary status, therefore, cannot be deemed to reduce the diverse parties to non-entities.

#### *(2) Fraudulent Joinder.*

If defendants establish fraudulent joinder, the citizenship of fraudulently joined parties will not defeat diversity. To prove fraudulent joinder, a defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The removing party bears the burden of establishing fraudulent joinder and "is entitled to present the facts showing the joinder to be fraudulent." *Ibid.* There is a general

3

presumption against fraudulent joinder, such that the removing party must negate every possible scenario within the ambit of a well-pled claim. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20 (9th Cir. 1998).

First American Title alternatively argues that it was fraudulently joined into the present action, and thus its citizenship should not be considered when determining diversity jurisdiction. It argues that it did nothing relevant to plaintiffs' claims and that its involvement is due solely to its former status as trustee (Dkt. No. 37 at 1–2). In its brief, First American Title conducted a fraudulent joinder analysis as it related only to First American Title.

First American Title also stated in its brief that Quality Loan "conducted the foreclosure at issue" and then concluded that Quality Loan was also fraudulently joined (*id.* at 1, 5). Quality Loan has made no assertions of fraudulent joinder neither in its briefs nor at the March 21 hearing, in which counsel failed to appear. No defendant has shown that Quality Loan has been fraudulently joined, and thus the burden by the removing party has not been met. Quality Loan, therefore, will not be considered for fraudulent joinder.

As to First American Title, even if it were true that it was fraudulently joined, Quality Loan remains a non-diverse party. With at least one defendant remaining a non-diverse party, there is no diversity jurisdiction.

### B. Federal-Question Jurisdiction.

Removal is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331. The "well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." *Hunter*, 582 F.3d at 1042. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (internal quotations and citations omitted).

The two sides disagree over whether the pleading seeks relief based on federal claims. The undersigned has read the pleading himself. In paragraph 17 of the complaint, plaintiffs "allege that [d]efendant Acqura has violated the [federal] Fair Credit Debt Collections Practices

4

Act . . . Defendant Acqura does not have a right to possession of the property as a result of the fraudulently executed Assignments of Deed of Trust, thus causing [d]efendant to be in violation of the Fair Credit Debt Collections Practices Act." In addition, the complaint makes reference to other federal law: R.E.M.I.C., 26 U.S.C. 850–852; the SEC; various federal agencies and agency cease and desist orders (Compl. ¶¶ 33, 35, 47). So, these snippets seem to assert federal claims for relief.

On the other hand, the complaint is organized around state causes of action, none of which is federal. For example, the complaint references the Fair Credit Debt Collections Practices Act under general allegations, which extend over 12 pages, until finally the first claim for relief is stated, which is a claim under California Civil Code Section 2923.5. In like manner, the subsequent claims for relief are wrongful foreclosure, declaratory relief, quiet title (of which the page is missing in the complaint), breach of contract, violation of Business and Professions Code Section 17200, and injunctive relief.

The aforementioned federal statutes are not referenced again under state claims. However, under the last claim for injunctive relief, further federal statutes are invoked. Specifically, paragraph 104 states that plaintiffs are entitled to injunctive relief because "Mortgage Master violated the Truth in Lending Act [and] the Real Estate Settlement and Procedures Act." In other words, the pleading is a masterpiece of trying to have it both ways. For purposes of defeating removal, the pleader purported to allege only state law claims focusing on overall organization for claim for relief. For purposes of adding federal strings to a state bow, however, the pleader embedded alleged federal violations throughout the document.

The proper analysis is that the complaint must be deemed to allege federal claims for relief and thus satisfies federal removal jurisdiction. If, however, plaintiffs dismiss all federal claims with prejudice in an *unambiguous* pleading and limit the relief sought to state law claims, then the Court will remand the case. The motion to remand is, therefore, **DENIED WITH LEAVE TO SO CLARIFY.**

5

**2. REQUEST FOR ATTORNEY'S FEES AND COSTS.**

Pursuant to 28 U.S.C. 1447, plaintiffs request an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," in the amount of $2,100 (Br. 17). This request is ridiculous given the federal question woven into the pleading. Plaintiffs' request is **DENIED**.

## CONCLUSION

Based on the foregoing analysis, plaintiffs' motion to remand this action is **DENIED WITH INSTRUCTIONS TO AMEND**. Plaintiffs have leave to file an unambiguous pleading dismissing all federal claims with prejudice by **APRIL 1 AT NOON**. Plaintiffs' request for attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

6